Debtor 1: Laura Lynne Lucas

Case number: 19-30218-dof
Adversary Proceeding No.: 19-03039-dof

Tracy B. Sutton
 Plaintiff
v.
Laura Lynne Lucas
 Defendant **Response to Complaint in Adversary Proceeding**

I, the debtor, Laura L Lucas, respectfully disagree with the claim of the Plaintiff, Tracy B Sutton, that this debt is a divorce related debt as defined in 11 U.S.C. 523(a)(15) . The following are my reasons.

1. The divorce between the plaintiff and myself was finalized in August of 2016. The settlement provision was entered on October 9, 2018 in an "Order Amending Consent of Judgement of Divorce", over two years after the divorce was final.

2. The Order Amending Consent of Judgement of Divorce was entirely for the purpose of modifying visitation times and the continuing care of our children. It had nothing to do with the actual divorce.

3. It is my understanding that it was titled as an "Order Amending Consent of Judgement of Divorce" because our initial visitation and custody details were encapsulated in our initial divorce agreement. Thus, we had to amend the divorce agreement so that there were not two standalone documents that contradict each other.

4. Furthermore, to further explain my reasoning, I could have entered into this exact same agreement with my son's father (whom I never married), and it would have been a modification to the custody agreement, not a divorce agreement. This is because nothing in the order in question had to do with marital assets or separation of property. It was solely for the purpose of updating visitation guidelines for our children.

5. This debt is not for spousal support or child support. The debt is also not for any physical property. As the plaintiff's attorney said in the meeting of the creditors, it was for a custody evaluation that was ordered by request of the plaintiff over a year after our divorce was final (in the end, custody remained unchanged).

Additionally, at the meeting of the creditors on February 28, 2019, I was questioned about this debt by the plaintiff's attorney. I am not an attorney and am representing myself in this

bankruptcy. I admitted that the word divorce was in the title of the document. I was confused by what exactly he was asking me to do and unfamiliar with the regulations without looking them up. I asked Judge Opperman if that was what I needed to do, and his response was that I needed to do what I thought was right. I agreed to make changes to clarify the debt origin. Upon looking closer at what was being asked of me, I determined that I did not agree with the attorney. While only superficially appeared to be divorce related, this was a child custody/visitation modification, NOT something that came from our divorce. Thus, I submitted a change in the other description in lieu of checking a different box. I feel that this debt causes great hardship and does not meet the criteria to have the discharge prohibited.

Wherefore, I ask that this Honorable Court deny the plaintiff's request and allow this debt to remain dischargeable.

Respectfully,

*Laura L Lucas*
Laura L Lucas

5-22-19

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN

In re: Laura Lynne Lucas

Chapter 7
Case No. 19-03039-dof
Judge: Opperman

**Debtor(s)**

Tracy B Sutton,
 Plaintiff
 v
Laura Lynne Lucas
 Defendant

## Certificate of Service

I hereby certify that on 5-23-19, I served the following Paper:

Response to Complaint in Adversary Proceeding

on the following parties at these addresses:

Rumsey H. Mashni
132 W. Nepessing Street
Lapeer, MI 48446

by the following means:
U.S. first class mail

Signature: Laura L Lucas

Address: 114 Twin Oaks Dr
Lapeer, MI 48446