| | |
|---|---|
| In re:<br>LAURA LYNNE LUCAS,<br>    Debtor.<br>_____/ | Chapter 7<br>Case No. 19-30218-dof<br>Hon. Joel Applebaum, Flint |
| TRACY B. SUTTON,<br>    Plaintiff,<br>v.<br>LAURA LYNNE LUCAS,<br>    Defendant.<br>_____/ | Adversary Proceeding No. 19-03039-dof |

## PLAINTIFF TRACY B. SUTTON'S FIRST REQUEST FOR ADMISSIONS TO LAURA LYNNE LUCAS

Plaintiff, Tracy B. Sutton, by and through her attorney, RAMSEY H. MASHNI, requests that Defendant, LAURA LYNNE LUCAS, admit or deny the following statements pursuant to FRCVP 36. If objection is made, please state the reason for the objection. Please specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter.

### REQUESTS FOR ADMISSION

1. Please Admit that Defendant stipulated to an entry of an "Order Amending Consent Judgment of Divorce" in the Circuit Court for the County of Lapeer, Michigan in case number 15-049159-DM(S). (Attached as Exhibit 1).

ANSWER:


2. Please Admit that in the attached Order Amending Consent Judgment of Divorce amended the Property Settlement and Provision in Lieu of Dower to state: "IT IS FURTHER ORDERED AND ADJUDGED that the Defendant, LAURA L. LUCAS (f/k/a Laura L. Sutton) shall pay to the Plaintiff, TRACY B. SUTTON, the sum of Six Thousand ($6,000.00) Dollars. The Defendant shall pay the said sum in equal payments of One Hundred Twenty Five ($125.00) Dollars per month for 48 months, with the first payment being made on or before November 1, 2018, and the 1st of each month thereafter until paid...".

ANSWER:

3. Please Admit that Tracy B. Sutton is the former spouse of Laura Lynne Lucas.

ANSWER:

4. Please Admit that the Consent Judgment of Divorce is an Order entered in the divorce decree between Tracy B. Sutton and Laura Lynne Lucas, formerly known as Laura Lynne Sutton.

ANSWER:

5. Please Admit that the Order Amending the Consent Judgment of Divorce is an amendment to the divorce decree between Tracy B. Sutton and Laura Lynne Lucas, formerly known as Laura Lynne Sutton.

ANSWER:

6. Please Admit that the underlying debt in this matter is not of the kind described in 11 U.S.C. §523(a)(5) for spousal support or child support.

ANSWER:

7. Please Admit that the said debt was incurred by the Defendant/Debtor, Laura Lynne Lucas in the course of a divorce or in connection with a divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.

ANSWER:

8. Please Admit that in your bankruptcy filings, Schedule E/F, you listed Tracy Sutton as a nonpriority unsecured claim under "Other. Specify: legal settlement.

ANSWER:

9. Please Admit that during the Meeting of Creditors on February 28, 2019 in which you were sworn under oath that you admitted as true the same allegations as stated in the previous paragraphs 3, 4, 5, 6 and 7.

ANSWER:

10. Please Admit that at the Meeting of Creditors on February 28, 2019 in which you were sworn under oath that you agreed to amend your Schedule E/F to list the debt to Tracy B. Sutton to check the box marked "Obligations arising out of a separation agreement or divorce that you did not report as priority claims.

ANSWER:

11. Please Admit that when the you, Laura Lynne Lucas, did amend your Schedule E/F she did not check the box as stated in paragraph 15, but instead amended the assertion to say, "Other. Specify: settlement encapsulated in an Order Amending Consent Judgement of Divorce but derived from Custody/Visitation modification agreement (non-support)".

ANSWER:

12. Please Admit that when you made the above representations in Schedule E/F you did so with the knowledge that it was false or made the said representations recklessly.

ANSWER:

13. Please Admit that when you made the above representations in Schedule E/F you did so with the intent that the Court and Tracy B. Sutton rely upon the said statement in order to obtain a discharge of the debt owed to Tracy B. Sutton.

ANSWER:

14. Please Admit that the above said debt is non-dischargeable pursuant to 11U.S.C. §523(a)(15).

ANSWER:

Dated: September 13, 2019 /s/ RAMSEY H. MASHNI
**RAMSEY H. MASHNI (P51314)**
**MASHNI LAW, PLC**
Attorney for Plaintiff
132 W. Nepessing Street
Lapeer, Michigan 48446
Ph. 810 245 2345
mashnijd@gmail.com

# EXHIBIT 1

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF LAPEER

TRACY B. SUTTON,
        Plaintiff,

v.

LAURA L. SUTTON,
        Defendant.
_____/

CASE NO. 15-049159-DM(S)
HON. JUSTUS C. SCOTT

RAMSEY H. MASHNI (P51314)
MASHNI LAW, PLC
Attorney for Plaintiff
132 West Nepessing Street
Lapeer, Michigan 48446
(810) 245-2345

DAVID W. BROWN (P58113)
Law Offices of David W. Brown, PLLC
Attorney for Defendant
1820 N. Lapeer Road, Suite 2-A
Lapeer, Michigan 48446
(810) 245-6082
_____/



FILED
COUNTY CLERK -40th CIRCUIT

OCT 09 2018

LAPEER COUNTY
MICHIGAN

## ORDER AMENDING CONSENT JUDGMENT OF DIVORCE

At a session of said court held in the
Lapeer County Courthouse located at
255 Clay Street, Lapeer, Michigan

On _____
PRESENT: HON. JUSTUS C. SCOTT
                Circuit Court Judge

This cause having come on to be heard on the Motion made by the Defendant; the parties having agreed upon a settlement in this matter, and that the best interest of the Minor Children will be served by the modifications to the Judgment of Divorce as stated below; therefore:

### CUSTODY

**IT IS FURTHER ORDERED AND ADJUDGED** that the parties be awarded joint legal custody of the minor children: RAYENNA RAYNE SUTTON, born June 18, 2002; age 16 and ASHLYNNE PAIGE SUTTON, born October 2, 2006, age 11, with the Defendant,

1

LAURA L. SUTTON, to exercise primary physical custody of said minor child, until said child attain eighteen years (18) of age.

"Joint Legal Custody" is defined as sharing decision-making authority as to important decisions affecting the welfare of the child. MCL 722.26a(7)(b), MSA 25.312(6a)(7)(b).

### VISITATION/PARENTING TIME

**IT IS HEREBY ORDERED AND ADJUDGED** that effective on August 27, 2018 the Plaintiff, TRACY B. SUTTON, shall have parenting time with the parties' minor children until further recommendation of the children's counselor or further order of the court as follows:

1. On alternating weekends the Plaintiff shall have parenting time from Friday after school (or 2:00 p.m. when the children don't have school or are on break) until Sunday at 6:00 p.m; and
2. Each week, the Plaintiff every Tuesday and Thursday from after school (or 2:00 p.m. when the children don't have school or are on break) until 8:00 p.m. and the Plaintiff shall help the children with any homework during this parenting time; and
3. Summer Parenting time shall follow the same schedule as stated above except that each party shall be allowed two weeks of uninterrupted parenting time with the minor children, either in two (2), one (1) week periods or a two (2) week period. The parties shall make their election for their summer parenting time by May 1 of each year in writing. Neither party shall choose a week that will interfere with the other parties' holiday parenting time, such as the 4th of July; and
4. Holiday visitation shall be in accordance with the current Lapeer County Friend of the Guidelines; and
5. Transportation shall be the responsibility of the party exercising parenting time, except the Plaintiff, Tracy Sutton shall provide the transportation for the Tuesday and Thursday parenting times stated above (or midweek parenting times if these days are modified).

**IT IS FURTHER ORDERED AND ADJUDGED** that the above said parenting time shall take effect immediately in regards to ASHLYNNE PAIGE SUTTON. The above said parenting time shall take effect for RAYENNA RAYNE SUTTON within 6 months or as the Counselor determines appropriate.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Parties shall mutually agree upon a new counselor for RAYENNA RAYNE SUTTON. ASHLYNNE PAIGE SUTTON shall continue with her counselor unless otherwise agreed upon by the parties. Therapy sessions for Rayenna shall occur weekly, while therapy sessions for Ashlynne shall occur at a minimum of every other week. A high priority needs to be placed on the children participating in therapy, and it shall take precedent over other activities. Further, neither party shall interfere with and/or attempt to sabotage the progress of the minor children's therapy and goals as stated below.

**IT IS FURTHER ORDERED AND ADJUDGED** that the new counselor for RAYENNA RAYNE SUTTON and the counselor for ASHYLYNNE PAIGE SUTTON shall be given the complete "Child Custody Evaluation Report dated March 18, 2018" prepared by Dr. James N. Bow in this matter, pursuant to an Order entered on December 8, 2017. Both Counselors shall use the Child Custody Evaluation Report in their therapy sessions with the minor children.

**IT IS FURTHER ORDERED AND ADJUDGED** that treatment goals for each child shall focus on:
  a. Reducing cognitive distortions and polarized thinking
  b. Improving coping skills and critical thinking skills
  c. Helping the children understand multiple perspectives
  d. Working through intense emotions associated with parental conflict
  e. Improving relationship with her father
  f. Increasing contact with her father
  g. Developing healthy relationship with each parent

**IT IS FURTHER ORDERED AND ADJUDGED** that the Plaintiff, TRACY B. SUTTON shall chose a counselor for RAYENNA RAYNE SUTTON, and submit his choice to the Defendant LAURA L. SUTTON by Wednesday, August 30, 2018. The Defendant, LAURA L. SUTTON shall either approve or reject the counselor. In the event the Defendant rejects the Plaintiff's choice for counselor, the Defendant, LAURA L. SUTTON shall submit a counselor of her choice by Wednesday, September 5, 2018. The Plaintiff shall either then approve the counselor or file a motion with the Court for the Judge to determine which counselor shall be used.

**IT IS FURTHER ORDERED AND ADJUDGED** that in accordance with MCLA §722.27a as amended on January 9, 2013, during any parenting time, both parties are prohibited from exercising parenting time in a country that is not a party to the Hague convention on the civil aspects of international child abduction unless both parents provide the court with written consent to allow a parent to exercise parenting time in a country that is not a party to the Hague convention on the civil aspects of international child abduction.

## COMMUNICATION AND SOCIAL MEDIA

**IT IS FURTHER ORDERED AND ADJUDGED** that neither party, nor the children shall post any negative or derogatory remarks about any family member including significant others/step parents etc. In the event either child posts anything, both parents shall take immediate action to have it removed and discipline the child appropriately.

**IT IS FURTHER ORDERED AND ADJUDGED** that neither party shall discuss anything with the children regarding any aspect of this matter or the other party and/or the other parties significant other.

3

## CHILD SUPPORT

**IT IS FURTHER ORDERED AND ADJUDGED** that Child Support Orders previously entered shall remain in full force and effect.

## CHANGE OF MAILING ADDRESS OR TELEPHONE NUMBER

**IT IS FURTHER ORDERED AND ADJUDGED** that, within 21 days after the payer or payee of support changes his or her address, that person shall report his or her new address and telephone number, in writing to the office of the Friend of the Court.

## CHANGE OF DOMICILE OR RESIDENCE

**IT IS FURTHER ORDERED AND ADJUDGED** that the domicile or residence of the minor child of the parties shall not be removed from the State of Michigan without the written consent or approval of the judge who awarded custody in this cause or his duly elected or appointed successor.

**IT IS FURTHER ORDERED AND ADJUDGED** that a child whose parental custody is governed by court order has, for the purposes of Section 11 of the Child Custody Act of 1970, 1970 PA 91, MCL 722.31, a legal residence with each parent. Except as otherwise provided in Section 11 of the above referenced Act, a parent of a child whose custody is governed by court order shall not change a legal residence of the child to a location that is more than one hundred (100) miles from the child=s legal residence at the time of the commencement of the action in which the order is issued. A parent whose custody or parenting time of a child is governed by this order shall not change the legal residence of the child except in compliance with Section 11 of the Child Custody Act of 1970, 1970 PA 91, MCL 722.31.

**IT IS FURTHER ORDERED AND ADJUDGED** that the custodial parent(s) shall promptly notify the Friend of the Court in writing when the minor child is moved to another address.

## PROPERTY SETTLEMENT AND PROVISION IN LIEU OF DOWER

**IT IS FURTHER ORDERED AND ADJUDGED** that the Defendant, LAURA L. LUCAS (f/k/a Laura L. Sutton) shall pay to the Plaintiff, TRACY B. SUTTON, the sum of Six Thousand ($6,000.00) Dollars. The Defendant shall pay the said sum in equal payments of One Hundred Twenty Five ($125.00) Dollars per month for 48 months, with the first payment being made on or before November 1, 2018, and the 1st of each month thereafter until paid.

4

**IT IS FURTHER ORDERED AND ADJUDGED** that in the event that the Defendant, LAURA L. LUCAS (f/k/a Laura L. Sutton) becomes two (2) payments behind in the above said payments, the Plaintiff, TRACY B. SUTTON, shall be allowed to collect upon this sum as allowed by law for a judgment, including but not limited to garnishments and/or a writ of execution, at his discretion.

### ATTORNEY'S LIEN

**IT IS FURTHER ORDERED AND ADJUDGED** that the attorney for the Plaintiff, RAMSEY H. MASHNI, is granted an attorney's lien against all of the property awarded herein to the Plaintiff, TRACY B. SUTTON. Further, the attorney for the Defendant, DAVID W. BROWN, is granted an attorney's lien against all the property awarded herein to the Defendant, LAURA L. SUTTON.

### RELEASE OF ATTORNEYS

**IT IS FURTHER ORDERED AND ADJUDGED** that the attorney for Plaintiff and the attorney for Defendant shall be and are hereby released as attorneys of record in post-judgment proceedings unless specifically hereafter retained for such post-judgment action.

### FINALITY/RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that the provisions of this Order Amending Consent Judgment of Divorce constitute a full, complete and final disposition of the property and all rights and interests of the parties. This Court shall retain jurisdiction to make such supplementary orders as shall be necessary to effectuate, but not modify, this Judgment.

### RELEASE OF CLAIMS

**IT IS FURTHER ORDERED AND ADJUDGED** that except as otherwise herein expressly provided, the parties hereto shall and do hereby mutually remise, release, and forever discharge each other from any and all actions, suits, debts, claims, demands and obligations whatsoever both in law and in equity, which either of them ever had, now has, or may hereafter have against the other, upon or by reason of any matter, cause or thing that may have occurred up to the date of the entry of this Order Amending Consent Judgment of Divorce. This includes a dismissal of the civil matter filed in the Lapeer County District Court, case number 17-1075-GC.

### GOVERNING LAW

This Order Amending Consent Judgment of Divorce shall be governed by the laws of the State of Michigan.

### EFFECTIVE DATE

**IT IS FURTHER ORDERED AND ADJUDGED** that this Order Amending Consent Judgment of Divorce is final on the date this written Order is filed with and entered by the Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that the provisions in this Order Amending Consent Judgment of Divorce shall supersede any provisions of the Consent Judgment of Divorce entered on August 11, 2016. Any provision not specifically amended or modified shall remain in full force and effect.

**THIS AMENDED CONSENT JUDGMENT RESOLVES ALL PENDING AND POTENTIAL CLAIMS OF THE PARTIES AND CLOSES THIS CASE**

Dated: _____   10-9-18
HON. JUSTUS C. SCOTT, Family Court Judge

**VERIFICATION**

In signing this Order Amending Consent Judgment of Divorce, I verify that I have read and understand its provisions and approve it as to **FORM AND CONTENT**.

Dated: _____

TRACY B. SUTTON, Plaintiff

Dated: _____

RAMSEY H. MASHNI (P51314)
Attorney for Plaintiff

Dated: _____

LAURA L. SUTTON, Defendant

Dated: _____

DAVID W. BROWN (P58113)
Attorney for Defendant

Drafted By: Ramsey H. Mashni, Esq.

Approved as to form:
_____ 10-9-18
Lapeer County Friend of the Court

6